**Opinion filed January 19, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00322-CR

_____

## IN RE THE STATE OF TEXAS

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

This is an original mandamus proceeding filed by Relator, the State of Texas, acting by and through the District Attorney for the 441st Judicial District, Laura A. Nodolf. Relator contends that Respondent, the Honorable Judge K. Kyle Peeler of the Juvenile Court of Midland County,[1] abused his discretion when he entered an order directing Relator to produce "all juvenile records" of a complaining witness to the judge of the 441st District Court for an in camera inspection. For the reasons expressed herein, we deny the petition for writ of mandamus.

---

[1]Judge Peeler is the elected judge of the County Court at Law of Midland County. The relevant orders in this case indicate that Judge Peeler was siting as the presiding judge of the Juvenile Court of Midland County.

*Background Facts*

Real Party in Interest, Derek Justin Paredes, is charged by indictment in the 441st District Court of Midland County in trial court Cause No. CR47592 with one count of continuous sexual abuse of a young child or children under fourteen years of age and four counts of aggravated sexual assault of a child under fourteen years of age. The indictment identifies one complainant, E.Q. In accordance with the 441st District Court's standing order, Relator disclosed to Paredes that E.Q. "has recently acquired criminal charges."

Paredes filed a discovery motion in Cause No. CR47592 requesting that all juvenile records pertaining to E.Q. be turned over immediately to Paredes's attorney. Relator responded to the motion by asserting that the trial court did not have the authority under Section 58.007 of the Texas Family Code to order the release of the records to Paredes. TEX. FAM. CODE ANN. § 58.007 (West Supp. 2017). Relator asserted that Paredes was required to seek the records directly from the County Court at Law rather than from the 441st District Court.

On November 8, 2017, the 441st District Court signed an order "requesting [Respondent] produce all juvenile records" of the complaining witness to the 441st District Court for an in camera inspection. That same day, Respondent signed an order finding "good and sufficient legal grounds to grant the request for in-camera inspection" and commanding Relator to produce all juvenile records of the complaining witness to the 441st District Court.

*Analysis*

Relator now seeks a writ of mandamus, ordering Respondent to set aside his order dated November 8, 2017. In a single issue, Relator poses the following question: "May the judge of a county court at law, sitting as a juvenile court, compel the State to produce juvenile justice records of an alleged victim as part of discovery in an adult felony criminal case pending before a district court not presided over by

2

the juvenile judge?" Relator contends that Paredes was required to seek leave directly from the juvenile court for access to the complainant's juvenile records rather than seeking the relief through the district court. Relator additionally contends that Respondent does not have the authority to order the production of documents in an adult felony criminal case.

Mandamus is appropriate in a criminal proceeding when Relator establishes (1) "that he has no adequate remedy at law to redress the harm that he alleges will ensue" and (2) "that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *see State ex rel. Hill v. Ct. of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). Relator does not have an adequate remedy at law because the State does not have the right to appeal from the order entered by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West Supp. 2017). Accordingly, the first prong of the two-part test is established.

The second prong of the two-part test "is satisfied if the relator can show he has 'a *clear* right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Simon*, 306 S.W.3d at 320 (quoting *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)).

Section 58.007 is entitled "Confidentiality of Probation Department, Prosecutor, and Court Records." It restricts the disclosure of juvenile records possessed by a juvenile court, a clerk of a court, a juvenile probation department, or a prosecuting attorney. FAM. § 58.007(b). Subsection (b)(6) provides that juvenile records may be inspected or copied "with permission from the juvenile court [by] any other person, agency, or institution having a legitimate interest in the proceeding

3

or in the work of the court." *Id.* § 58.007(b)(6). We conclude that Judge Peeler's order requiring disclosure of E.Q.'s juvenile records to the judge of the 441st District Court for an in camera inspection does not constitute an abuse of discretion under Section 58.007(b)(6).

Section 58.007(b)(6) addresses two questions: (1) to whom may juvenile records be disclosed?—"any other person, agency, or institution having a legitimate interest in the proceeding or in the work of the court"; and (2) how?—"with permission from the juvenile court." *Id.* In this instance, the 441st District Court is an agency or institution having a legitimate interest in the proceeding or work of the juvenile court as it pertains to E.Q.'s juvenile records since E.Q. is the complainant in the criminal charges brought against Paredes. *See Johnson v. State*, 490 S.W.3d 895 (Tex. Crim. App. 2016).

Relator primarily directs its challenge to the procedure employed by Paredes and Respondent. We conclude that the procedures utilized in these proceedings do not violate Section 58.007(b)(6), which simply provides "with permission from the juvenile court." There is no requirement that a motion be filed in the juvenile court in order for permission to be granted under Section 58.007(b)(6). In the absence of authority requiring a motion to be filed in the juvenile court, Respondent did not abuse his discretion by ordering production of the juvenile records to the judge of the 441st District Court.

It is significant to note the extent of Respondent's order. Respondent simply ordered that E.Q.'s juvenile records be submitted to the judge of the 441st District Court for an in camera inspection. Respondent did not order that the records are to be turned over to Paredes or his attorney. Presumably, that is a decision that will be made by the 441st District Court. Additionally, Respondent's order does not address the admissibility of E.Q.'s juvenile records at Paredes's criminal trial. Accordingly, we disagree with Relator's contention that Respondent has entered an order in the

441st District Court that he is without authority to make. Accordingly, we overrule Relator's sole issue and we deny Relator's request for issuance of a writ of mandamus.

Finally, Paredes requests sanctions against Relator under TEX. R. APP. P. 52.11 for "filing a petition that is clearly groundless." Paredes additionally contends that his attorney "had to cancel her Thanksgiving plans to be with her family so that she [could] adequately and timely respond" to Relator's petition. With respect to the timing issue, Relator filed its petition on November 21, 2017, which was two days before Thanksgiving Day (November 23, 2017). Upon receipt of the petition, we requested a response from Paredes—due on or before December 1, 2017. Paredes filed a ten-page response to the petition on November 27, 2017, which was approximately four days prior to the deadline. Accordingly, the record does not support Paredes's contention that the timing of the filing of the petition required her to cancel her Thanksgiving Holiday travel plans.[2]

Rule 52.11 permits a court of appeals to impose sanctions on any party not acting in good faith who files a "clearly groundless" petition. TEX. R. APP. P. 52.11. Whether to grant sanctions for a "clearly groundless" petition is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *See Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 861 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We decline to find that Relator filed a clearly groundless petition. Accordingly, we deny Paredes's request for sanctions.

---

[2]The court would further note that it routinely grants extensions of time when an attorney's travel plans conflict with an impending deadline.

*This Court's Ruling*

Relator's petition for writ of mandamus is denied. Paredes's request for sanctions is also denied.

JOHN M. BAILEY

JUSTICE

January 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.